NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
VALERIE L. MAKAREWICZ (Cal. Bar No. 229637)
JAMES C. HUGHES (Cal. Bar No. 263878)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-0756
     Facsimile:  (213) 894-6265
     E-mail:     Valerie.makarewicz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 20-MJ-1343 |
|---|---|
| Plaintiff, | PRELIMINARY HEARING BRIEF |
| v. | Date: April 9, 2020 |
| KEITH LAWRENCE MIDDLEBROOK, | Time: 4:30 p.m. |
| Defendant. | Court: Hon. Charles Eick |

  Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Valerie L. Makarewicz and James C. Hughes, hereby submits this brief to assist the Court in conducting the anticipated preliminary hearing in this matter.  The brief provides an overview of the case law governing preliminary hearings, including the probable cause standard, evidentiary matters, and disclosures.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On March 25, 2020, defendant KEITH LAWRENCE MIDDLEBROOK ("defendant") was charged by criminal complaint with a violation of 18 U.S.C. § 1349, attempted wire fraud. As alleged in the complaint, up until the time of his arrest, defendant was engaging in a scheme to defraud victim-investors by falsely promising enormous returns on the monetary investments he was soliciting in his company, Quantum Prevention CV Inc. (hereinafter "QP20"), which defendant falsely claimed had developed a patent-pending cure for the COVID-19 virus and a treatment that prevents a person from being infected by the COVID-19 virus.  Defendant promoted his "cure" and his preventative treatment on the Internet and communicating with potential victim-investors through interstate e-mails.

Defendant was arrested on March 25, 2020 and made his initial appearance on March 26, 2020.  On April 9, 2020, the Court will hold a preliminary hearing to determine if the charge is supported by probable cause.

**II.   THE PURPOSE OF A PRELIMINARY HEARING IS TO DETERMINE WHETHER THERE IS PROBABLE CAUSE**

At a preliminary hearing, the court's sole task is to determine whether there is "probable cause to believe an offense has been committed and the defendant committed it."  Fed. R. Crim. P. 5.1(e). In other words, "the purpose of a preliminary hearing . . . is to require the government to show probable cause to hold a suspect pending trial."  Hooker v. Klein, 573 F.2d 1360, 1367 n.7 (9th Cir. 1978).  Courts routinely apply this same probable cause standard when reviewing complaints and search warrants.  Probable cause requires

2

"knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." United States v. Lopez, 482 F.3d 1067, 1072 (9th Cir. 2007); see also Coleman v. Burnett, 477 F.2d 1187, 1202 (D.C. Cir. 1973) ("Probable cause signifies evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt."); United States v. Bishop, 264 F.3d 919, 924 (9th Cir. 2001) ("Probable cause exists when there is a fair probability or substantial chance of criminal activity."). "[C]onclusive evidence of guilt is of course not necessary . . . to establish probable cause," Lopez, 482 F.3d at 1072, which means "[f]inely tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence . . . have no place in the probable-cause decision. . . . All we have required is the kind of 'fair probability' on which 'reasonable and prudent people, not legal technicians, act.'" Florida v. Harris, 133 S. Ct. 1050, 1055 (2013) (citations omitted).

In evaluating probable cause, courts consider the totality of the circumstances. Illinois v. Gates, 462 U.S. 213, 238 (1983). Under this standard, courts must consider "the whole picture," rather than viewing individual facts "in isolation." District of Columbia v. Wesby, 138 S. Ct. 577, 588 (2018). Accordingly, "[i]t is not uncommon for seemingly innocent conduct to provide the basis for probable cause." United States v. Rodriguez, 869 F.2d 479, 483 (9th Cir. 1989); see also United States v. Gil, 58 F.3d 1414, 1418 (9th Cir. 1995) ("[O]bservations of conduct consistent with drug trafficking, even though apparently innocuous, can give rise to

3

probable cause."). A magistrate judge presiding over a preliminary hearing can "legitimately find probable cause while personally entertaining some reservations." Coleman, 477 F.2d at 1202.

### III. EVIDENTIARY MATTERS

#### A. The Federal Rules of Evidence do not apply.

The Federal Rules of Evidence "do not apply to . . . a preliminary examination in a criminal case." Fed. R. Evid. 1101(d)(3). The only exception is that the rules on privilege still apply. Fed. R. Evid. 1101(c). As described below, the evidence that may be presented at preliminary hearings differs in important respects from the typical rules of evidence.

#### B. Hearsay is admissible.

Because the normal rules of evidence do not apply, hearsay is admissible at preliminary hearings. See, e.g., Santos v. Thomas, 830 F.3d 987, 991 (9th Cir. 2016) ("In probable cause hearings under American law, the evidence taken need not meet the standards for admissibility at trial. Indeed, at a preliminary hearing in federal court a finding of probable cause may be based upon hearsay in whole or in part." (internal quotation marks omitted)); Peterson v. California, 604 F.3d 1166, 1171 n.4 (9th Cir. 2010) (the Fourth Amendment permits a determination of probable cause at a preliminary hearing based on hearsay testimony). This concept has deep roots. Rule 5.1, the rule governing preliminary hearings, previously contained an explicit statement that "[t]he finding of probable cause may be based upon hearsay evidence in whole or in part." The Advisory Committee omitted that language in the 2002 amendments, deeming it unnecessary because federal law had become clear that it is appropriate to rely on hearsay at the preliminary hearing and the

4

Federal Rules of Evidence explicitly state that they do not apply at this stage.  Fed. R. Crim. P. 5.1 Advisory Committee Notes on 2002 Amendments; Fed. R. Evid. 1101.  Presentation of hearsay at a preliminary hearing also poses no Confrontation Clause problem, because the Confrontation Clause is a trial right.  Peterson, 604 F.3d at 1169-70.

    C.    <u>Suppression arguments are premature.</u>

At a preliminary hearing, the defendant "may not object to evidence on the ground that it was unlawfully acquired."  Fed. R. Crim. P. 5.1(e).  Thus, a defendant may not raise arguments that evidence should be suppressed.  See, e.g., Giordenello v. United States, 357 U.S. 480, 484 (1958); United States v. Olender, 2000 WL 977295, at *3 (E.D. Mich. May 26, 2000).

    D.    <u>Cross-examination is limited.</u>

Because the only purpose of the preliminary hearing is to determine probable cause, the scope of cross-examination of government witnesses is limited.  "Cross-examination at a preliminary hearing, like the hearing itself, is confined by the principle that a probe into probable cause is the end and aim of the proceeding[.]"  Coleman, 477 F.2d at 1201.  Defense counsel may not use cross-examination to go "on an impermissible quest for discovery."  Id.  For example, the Fifth Circuit upheld a magistrate judge's decision to prevent cross-examination about the identity of an informant.  United States v. Hart, 526 F.2d 344, 344 (5th Cir. 1976).  Indeed, informant identity is generally privileged, Roviaro v. United States, 353 U.S. 53, 59 (1957), and any such disclosure would be particularly inappropriate at this preliminary stage.  McCray v. State of Ill., 386 U.S. 300, 311 (1967) (upholding state's refusal to compel police

officers to divulge informant's identity at preliminary hearing, noting, "we have repeatedly made clear that federal officers need not disclose an informer's identity in applying for an arrest or search warrant").

Likewise, cross-examination questions directed to potential suppression arguments would be outside the scope of the preliminary hearing.  In addition to the special limitations for preliminary hearings, "cross-examination is properly to be limited at preliminary hearing, as at trial, to the scope of the witness' direct examination."  Coleman, 477 F.2d at 1201.

E. Defense subpoenas

The defendant is entitled to subpoena witnesses "whose testimony promises appreciable assistance on the issue of probable cause," unless there is "good cause for not requiring [the witness's] presence."  Coleman, 477 F.2d at 1205.  Good cause for not requiring a witness's presence may include "physiological or psychological reasons" that make appearance unreasonable.  United States v. King, 482 F.2d 768, 773 (D.C. Cir. 1973).  Subpoenas must comply with Rule 17, including the requirement that the defense obtain a court order for any subpoena requiring production of personal or confidential information about a victim and that the court give the victim an opportunity to move to quash the subpoena.  Fed. R. Crim. P. 17. Subpoenas may not seek privileged information.  See Fed. R. Evid. 1101(c), (d) (stating that rules on privilege apply to preliminary examinations in criminal cases).  Subpoenas are not "a means of discovery for criminal cases," and, as always, they must be limited to relevant, admissible, and specific information.  United States v. Nixon, 418 U.S. 683, 698-99 (1974); see also United States v.

Komisaruk, 885 F.2d 490, 494-95 (9th Cir. 1989) (courts may quash subpoenas if the information sought would be immaterial, unreasonable, oppressive, or irrelevant).

**IV.   DISCLOSURES REQUIRED INCIDENT TO PRELIMINARY HEARINGS**

Disclosure is a natural, but collateral, effect of any preliminary hearing. A preliminary hearing "does not include discovery for the sake of discovery." Coleman, 477 F.2d at 1199–200; see also Robbins v. United States, 476 F.2d 26, 32 (10th Cir. 1973) ("[A] preliminary hearing is not designed for the purpose of affording discovery for an accused."); United States v. Begaye, 236 F.R.D. 448, 454 (D. Ariz. 2006) ("[T]he rules of discovery found in Rule 16, Federal Rules of Criminal Procedure, are not applicable to preliminary hearings."). Rather, Rule 5.1 directs the parties to make certain limited disclosures. Specifically, the parties are required to produce the statements of the witnesses whom they call to testify at the preliminary hearing. Fed. R. Crim. P. 5.1(h), 26.2.

Statements must be produced only if they "relate[] to the subject matter of the witness's testimony" and also fall into one of the following categories:

> (1) a written statement that the witness makes and signs, or otherwise adopts or approves;
>
> (2) a substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any transcription of a recording; or
>
> (3) the witness's statement to a grand jury, however taken or recorded, or a transcription of such a statement.

Fed. R. Crim. P. 26.2(f). As to the first category, a report or notes on a witness interview cannot be adopted by the witness unless the witness read them or heard them read back. Goldberg v. United

7

States, 425 U.S. 94, 110 n.19 (1976); United States v. Traylor, 656 F.2d 1326, 1336 (9th Cir. 1981). As to the second category, records only qualify if they "reflect the witness' own words" and constitute a "complete recital." United States v. Bobadilla-Lopez, 954 F.2d 519, 522 (9th Cir. 1992). Thus, Rule 26.2 generally does not require disclosure of interview reports unless the report author is a testifying witness and testifies about the interview. See United States v. Moore, 651 F.3d 30, 75 (D.C. Cir. 2011). If material does qualify as witness statements, it must be turned over "[a]fter a witness . . . has testified on direct examination." Fed. R. Crim. P. 26.2(a); see United States v. Mills, 641 F.2d 785, 789-90 (9th Cir. 1981) (holding that "no statement of a government witness is discoverable until the witness has testified on direct examination").

**V. CONCLUSION**

The foregoing provides an overview of legal issues relating to preliminary hearings. Should any issue arise that has not been covered in this brief, the government respectfully requests leave to submit such further memoranda as may be necessary.

Dated: April 2, 2020                  Respectfully submitted,

                                      NICOLA T. HANNA
                                      United States Attorney

                                      BRANDON D. FOX
                                      Assistant United States Attorney
                                      Chief, Criminal Division


                                       /s/
                                      VALERIE L. MAKAREWICZ
                                      JAMES C. HUGHES
                                      Assistant United States Attorney

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

8