NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
VALERIE L. MAKAREWICZ (Cal. Bar No. 229637)
JAMES C. HUGHES (Cal. Bar No. 263878)
Assistant United States Attorneys
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0756/2579
     Facsimile: (213) 894-6265
     E-mail:    Valerie.makarewicz@usdoj.gov
                James.Hughes2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 20-mj-1341 |
|---|---|
| Plaintiff, | GOVERNMENT'S UNOPPOSED MOTION TO EXTEND AND EXCLUDE TIME FROM THE SPEEDY TRIAL ACT'S INDICTMENT CLOCK BASED ON SUSPENSION OF THE GRAND JURY; DECLARATION OF VALERIE L. MAKAREWICZ; PROPOSED ORDER |
| v. | |
| KEITH LAWRENCE MIDDLEBROOK, | |
| Defendant. | |

The United States of America, by and through its counsel of record, Assistant United States Attorneys Valerie L. Makarewicz and James C. Hughes, moves for an order extending and excluding time from the Speedy Trial Act's indictment clock until May 4, 2020. Specifically, in light of the COVID-19 pandemic and the Central District of California's suspension of grand-jury proceedings until May 4, 2020, the government requests an order extending and excluding time from the 30-day period under 18 U.S.C. § 3161(b) in which an indictment or information must be returned.

Defendant does not oppose this request.  If grand-jury proceedings remain suspended past May 4, 2020, the government will move for further relief.

I.   FACTUAL AND LEGAL BACKGROUND

   A.   Defendant's Arrest and Initial Appearance

On March 25, 2020, the United States filed a complaint against defendant charging him with a violation of 18 U.S.C. § 1349, attempted wire fraud. CR 1. A warrant for defendant's arrest was issued by the Hon. John E. McDermott at approximately 4:00 p.m. on March 25, 2020. See Declaration of AUSA Valerie L. Makarewicz ("Decl."), ¶ 2.

Defendant was arrested on March 25, 2020 at approximately 6:00 p.m., and made his initial appearance before the Court on March 26, 2020. Decl., ¶ 3. On March 27, 2020, the Court granted defendant pretrial release upon the posting of a $150,000 bond secured by an affidavit of surety signed by defendant's mother, with $50,000 of that amount to be secured by real property held by defendant's mother. Id.; CR 10.  As of the filing of this Motion, defendant has not posted the bond and remains in custody.  Decl., ¶ 3.

   B.   COVID-19 and the Central District of California's Response

On March 31, 2020, in response to the continuing spread of the COVID-19 pandemic, this Court suspended all grand-jury proceedings until at least May 4, 2020, "pending further order of the Court." C.D. Cal. Order of the Chief Judge No. 20-044, In Re: Coronavirus Public Emergency, Suspension of Grand Juries, at 3 (Mar. 31, 2020). The last grand jury session in the Central District of California was on March 25, 2020, and adjourned at approximately 4:30 p.m. Decl., ¶ 4.

2

This action followed a series of prior orders responding to the COVID-19 crisis. On March 13, 2020, following the President's declaration of a national emergency, the Court suspended jury selection and jury trials scheduled to begin before April 13, 2020. C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public Emergency, Order Concerning Jury Trials and Other Proceedings (Mar. 13, 2020). The same day, the Court imposed health- and travel-related limitations on access to Court facilities. C.D. Cal. General Order No. 20-03, In Re: Coronavirus Public Emergency, Order Concerning Access to Court Facilities (Mar. 13, 2020). On March 19, 2020, by Order of the Chief Judge, the Court instituted its Continuity of Operations Plan ("COOP"), closing all Central District of California courthouses to the public (except for hearings on criminal duty matters) and taking other emergency actions. C.D. Cal. Order of the Chief Judge No. 20-042, In Re: Coronavirus Public Emergency, Activation of Continuity of Operations Plan (Mar. 19, 2020). On March 29 and 31, recognizing COVID-19's continued spread in the community, the Court took further action: implementing video-teleconference and telephonic hearings and--as noted above--suspending all grand-jury proceedings until May 4, 2020. C.D. Cal. Order of the Chief Judge No. 20-043, In Re: Coronavirus Public Emergency, Use of Video and Telephonic Conference Technology in Certain Criminal Proceedings (Mar. 29, 2020); Order of the Chief Judge No. 20-044.

These orders were imposed based on (1) the California governor's declaration of a public-health emergency in response to the spread of COVID-19, as well as (2) the Centers for Disease Control's advice regarding reducing the possibility of exposure to

3

the virus and slowing the spread of the disease.  See General Order 20-02, at 1.  The Chief Judge has recognized that, for at least eight weeks, all gatherings should be limited to no more than 10 people; elderly, and other vulnerable people should avoid person-to-person contact altogether.  See Order of the Chief Judge No. 20-042, at 1-2.

Local and state governments have adopted similar emergency procedures.  On March 19, 2020, both Los Angeles Mayor Eric Garcetti and California Governor Gavin Newsom issued emergency orders requiring residents to "stay home," subject to limited exceptions.  California Executive Order N-33-20 (Mar. 19, 2020); accord Safer at Home, Public Order Under City of Los Angeles Emergency Authority ¶ 1 (Mar. 19, 2020).  Subject to similarly limited exceptions, all travel is prohibited.  Safer at Home ¶ 4.  Non-essential businesses requiring in-person attendance by workers have been ordered to cease operations.  Id. ¶ 2.  All schools in the Los Angeles Unified School District are closed through at least May 2020.

As these orders and protocols reflect, the COVID-19 pandemic is a global emergency that is unprecedented in modern history.  The virus is spreading through the United States community at an alarming rate.  See Coronavirus Disease 2019 (COVID-19) in the U.S., Centers for Disease Control and Prevention (updated daily), available at https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html; Coronavirus Disease 2019 (COVID-19), California Department of Public Health (updated daily), available at https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/Immunization/ncov2019.aspx.  The death toll, across the world, is staggering.

**C.   The Speedy Trial Act**

A defendant's arrest triggers certain time clocks under the Speedy Trial Act. Of relevance here, under 18 U.S.C. § 3161(b) (the "speedy-indictment clock"), an indictment must usually be returned within 30 days of a federal arrest or service of a summons based on a complaint.

Here, section 3161(b) would typically require defendant to be indicted by April 24, 2020.

Exceptions to these rules apply, however, and periods can be excluded under 18 U.S.C. § 3161(h).

   1.   <u>18 U.S.C. § 3161(b) extends the speedy-indictment clock to 60 days if no grand jury is in session</u>

Under 18 U.S.C. § 3161(b), the speedy-indictment clock automatically extends to 60 days if no grand jury is in session during the 30 days following a defendant's arrest or service with a summons. Specifically: "If an individual has been charged with a felony in a district in which no grand jury has been in session" during the "thirty days from the date on which such individual was arrested or served with a summons," then "the period of time for filing the indictment shall be extended" from 30 to 60 days. <u>Id.</u>

This provision applies to grand juries that have been suspended--that is, juries which remain empaneled but do not sit anywhere in the district for 30 days. The Supreme Court has referred to a grand jury being "not in session" to refer to the grand jury's "schedule," not its empanelment. <u>Jaben v. United States</u>, 381 U.S. 214, 219 (1964); <u>United States v. Towill</u>, 548 F.2d 1363, 1367 (9th Cir. 1977) ("A close reading of <u>Jaben</u> convinces us that the Court meant to equate 'session' with the current 'grand

5

jury schedule,' not with the theoretical possibility of summoning a grand jury on short notice."). "In session," under Federal Rule of Criminal Procedure 6(d)(1), similarly refers to a particular meeting of the grand jury; thus the Rule describes the "persons who may be present while the grand jury is in session[.]" Id.

        2.    18 U.S.C. § 3161(h)(7)(A) allows exclusion of time from the Speedy Trial Act--including the speedy-indictment clock--to serve the ends of justice

In addition, the pandemic justifies excluding time from the Speedy Trial Act, including the speedy-indictment clock, under 18 U.S.C. § 3161(h)(7)(A). See generally United States v. Ramirez-Cortez, 213 F.3d 1149, 1153-54 (9th Cir. 2000); United States v. Murray, 771 F.2d 1324, 1327 (9th Cir. 1985) (per curiam); United States v. Pollock, 726 F.2d 1456, 1461 (9th Cir. 1984).

This is the same ends-of-justice provision that applies to the 70-day post-indictment trial clock under the Speedy Trial Act. It excludes "[a]ny period of delay resulting from a continuance granted by any judge . . . if the judge granted the continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest in the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

The provision has strict procedural requirements. Zedner v. United States, 547 U.S. 489, 507, 509 (2006). A court must (1) grant a continuance only for a "specific period of time," and (2) make "findings in the record" that address "specific underlying factual circumstances" anchored to enumerated statutory factors. Pollock, 726 F.2d at 1461; United States v. Perez-Reveles, 715 F.2d 1348, 1351-52 (9th Cir. 1983); see 18 U.S.C. § 3161(h)(7)(B)

(listing factors). "[N]o continuance period may be excluded unless the court makes reasonably explicit findings that demonstrate that the ends of justice served by granting the continuance do, in fact, outweigh the best interests of the public and the defendant in a speedy trial." Perez-Reveles, 715 F.2d at 1352.

Nevertheless, once procedural requirements are satisfied, the provision gives courts broad "discretion to deal with otherwise unavoidable delays in the indictment . . . process." Pollock, 726 F.2d at 1461; see United States v. Murillo, 288 F.3d 1126, 1133 (9th Cir. 2002) (ends-of-justice findings reviewed for clear error); Murray, 771 F.2d at 1327 (same).

## II. REQUEST FOR SPEEDY-TRIAL ACT EXTENSION, EXCLUSION, AND FINDINGS

Here, the time between March 25, 2020, the date of defendant's arrest, and May 4, 2020, should be excluded from the Speedy Trial Act for all purposes, thus tolling the speedy-indictment clock.

First, if all Central District of California grand juries remain suspended for the entire 30 days following defendant's arrest (which occurred on March 25, 2020, but after the grand jury had adjourned), then the speedy-indictment clock extends to 60 days. 18 U.S.C. § 3161(b). This provision applies automatically; "[n]o government motion is required." United States v. Mann, 701 F.3d 274, 285 (8th Cir. 2012). However, as a matter of caution, the government requests that the Court find that § 3161(b)'s 30-day extension will apply if no grand jury in the Central District of California sits before April 24, 2020.

Second, all Speedy Trial Act deadlines--including the speedy indictment--should be tolled until May 4, 2020, under the ends-of-justice provision. See 18 U.S.C. § 3161(h)(7)(A). Pending further

7

1 order of the Chief Judge, grand juries have been suspended until
2 that date.  C.D. Cal. Order of the Chief Judge No. 20-044 (Mar. 31,
3 2020).

4     The ends of justice amply justify excludable time under these
5 circumstances.  As the President, the California governor, the Los
6 Angeles mayor, and this Court's General Orders have recognized, we
7 are in the midst of a grave public-health emergency requiring people
8 to take extreme measures to limit contact with one another.  This
9 pandemic, like a natural disaster or other emergency, well justifies
10 an ends-of-justice exclusion.

11     "Although the drafters of the Speedy Trial Act did not provide
12 a particular exclusion of time for such public emergencies (no doubt
13 failing to contemplate, in the more innocent days of 1974, that
14 emergencies such as this would ever occur), the discretionary
15 interests-of-justice exclusion" certainly covers this situation.
16 United States v. Correa, 182 F. Supp. 326, 329 (S.D.N.Y. 2001)
17 (addressing Speedy Trial Act exclusion in the wake of the September
18 11 terrorist attacks).  Thus, Courts of Appeals across the country
19 have affirmed Speedy Trial Act exclusions under emergent
20 circumstances: after the eruption of Mt. St. Helens, see Furlow v.
21 United States, 644 F.2d 764, 767-69 (9th Cir. 1981); after a
22 prosecutor had a "family emergency," United States v. Stallings, 701
23 F. App'x 161, 170-71 (3d Cir. 2017); where a case agent had a
24 "catastrophic family medical emergency," United States v. Hale, 685
25 F.3d 522, 533-36 (5th Cir. 2012); after Hurricane Katrina, United
26 States v. Scott, 245 F. App'x 391, 394 (5th Cir. 2007); or even
27 after a "paralyzing blizzard" and the hospitalization of an
28

informant, United States v. Richman, 600 F.2d 286, 292, 293-94 (1st Cir. 1979).

With respect to the speedy-indictment date, the pandemic falls under 18 U.S.C. § 3161(h)(7)(B)(iii), which allows a court excluding time to consider "[w]hether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b)[.]"  18 U.S.C. § 3161(h)(7)(B)(iii).  This Court's order suspending grand-jury proceedings makes indictment of this case before May 4, 2020, not just "unreasonable to expect" but impossible.  Id.  As the order recognizes, public health compels that suspension.  See C.D. Cal. Order of the Chief Judge No. 20-044 (Mar. 31, 2020), at 1-2.  However, the order likewise reflects that, because the ends-of-justice exclusion is available under 18 U.S.C. § 3161(h)(7)(A), "an order suspending and continuing grand juries will not prejudice matters for which a complaint has issued but a grand jury has not had the opportunity to determine whether to return an indictment."  Id. at 2.  Similarly, a prior general order found that the "ends of justice served by" extending Speedy Trial Act deadlines "outweigh[ed] the interests of the parties and the public," and thus § 3161(h)(7)(A) applies.  C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public Emergency, Order Concerning Jury Trials and Other Proceedings, at 2 ¶ 4 (Mar. 13, 2020).

Due to the restrictions imposed by current public-health concerns, it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act's time limits.  Thus, denial of a continuance is likely to deny

9

all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  18 U.S.C. § 3161(h)(7)(B)(iv).

　　　Based on the foregoing, the Court should enter an order (1) finding that the Speedy Trial Act's indictment clock will be extended to 60 days if no grand jury in the Central District of California sits before April 24, 2020, 18 U.S.C. § 3161(b); and (2) making case-specific findings excluding time from the Speedy Trial Act's indictment clock under 18 U.S.C. § 3161(h)(7)(A).  Nothing in the Court's order should preclude a finding that other provisions of the Speedy Trial Act dictate that other time periods are excluded.

Dated: April 7, 2020　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　NICOLA T. HANNA
　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　BRANDON D. FOX
　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　Chief, Criminal Division


　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　VALERIE L. MAKAREWICZ
　　　　　　　　　　　　　　　　　　Assistant United States Attorney

　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　UNITED STATES OF AMERICA

## DECLARATION OF AUSA VALERIE L. MAKAREWICZ

I, Valerie L. Makarewicz, declare as follows:

1. I am an Assistant United States Attorney in the Central District of California. I have knowledge of the facts set forth herein and could and would testify to those facts fully and truthfully if called and sworn as a witness.

2. On March 25, 2020, the United States filed a complaint against defendant Keith Lawrence Middlebrook charging him with a violation of 18 U.S.C. § 1349, attempted wire fraud. A warrant for defendant's arrest was issued by the Hon. John E. McDermott at approximately 4:00 p.m. on March 25, 2020.

3. Defendant was arrested on March 25, 2020 at approximately 6:00 p.m., and made his initial appearance before the Court on March 26, 2020. On March 27, 2020, the Court granted defendant pretrial release upon the posting of a $150,000 bond secured by any affidavit of surety signed by defendant's mother, with $50,000 of that amount to be secured by real property held by defendant's mother. At the time of this stipulation, defendant has not posted the bond and remains in custody.

4. As of the filing of this motion, the last grand jury session in the Central District of California was March 25, 2020, which adjourned at approximately 4:30 p.m.

//
//
//

5.  On April 6, 2020, I received an email from defense counsel, Ijeoma Eke, indicating that she had no objection to the Government's motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Santa Monica, California, on April 7, 2020.

VALERIE L. MAKAREWICZ
Assistant United States Attorney