NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
VALERIE L. MAKAREWICZ (Cal. Bar No. 229637)
JAMES C. HUGHES (Cal. Bar No. 263878)
Assistant United States Attorneys
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0756/2579
    Facsimile: (213) 894-6265
    E-mail:    valerie.makarewicz@usdoj.gov
                  james.hughes2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 20-mj-1341 |
|---|---|
| Plaintiff, | [PROPOSED] ORDER EXTENDING AND EXCLUDING TIME FROM THE SPEEDY TRIAL ACT BASED ON SUSPENSION OF THE GRAND JURY |
| v. | |
| KEITH LAWRENCE MIDDLEBROOK, | |
| Defendant. | |

    Having considered the United States of America's Unopposed Motion to Extend and/or Exclude Time From the Speedy Trial Act's Indictment and Trial Clocks Based on Suspension of the Grand Jury ("motion"), as well as the Central District of California's General Orders Nos. 20-02 and 20-03 and Orders of the Chief Judge Nos. 20-042 and 20-043, and good cause appearing, the Court hereby FINDS AS FOLLOWS:

1. This case was initiated via a complaint and arrest warrant, issued on March 25, 2020 at approximately 4:00 p.m., by Magistrate Judge John E. McDermott. Defendant was arrested at approximately 6:00 p.m., Defendant first appeared before a judicial officer of this Court on March 26, 2020, at which time the defendant was granted pretrial bond, but to date, has not posted the bond and remains in custody.

2. The Speedy Trial Act would typically require defendant to be indicted by April 24, 2020. 18 U.S.C. § 3161(b).

3. On March 31, 2020, in response to the continuing spread of the COVID-19 pandemic, the Central District of California suspended all grand-jury proceedings until at least May 4, 2020, "pending further order of the Court." C.D. Cal. Order of the Chief Judge No. 20-044, at 3 (Mar. 31, 2020).

4. The last grand-jury session in the Central District of California, prior to this order, was on March 25, 2020, which adjourned at approximately 4:30 p.m.

5. On March 13, 2020, following the President's declaration of a national emergency, the Court suspended jury selection and jury trials scheduled to begin before April 13, 2020. C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public Emergency, Order Concerning Jury Trials and Other Proceedings (Mar. 13, 2020). The same day, the Court imposed health- and travel-related limitations on access to Court facilities. C.D. Cal. General Order No. 20-03, In Re: Coronavirus Public Emergency, Order Concerning Access to Court Facilities (Mar. 13, 2020). On March 19, 2020, by Order of the Chief Judge, the Court instituted its Continuity of Operations Plan ("COOP"), closing all Central District of California

courthouses to the public (except for hearings on criminal duty matters) and taking other emergency actions.  C.D. Cal. Order of the Chief Judge No. 20-042 (Mar. 19, 2020).  On March 29 and 31, recognizing COVID-19's continued spread in the community, the Court took further action: implementing video-teleconference and telephonic hearings and--as noted above--suspending all grand-jury proceedings until May 4, 2020.  C.D. Cal. Orders of the Chief Judge Nos. 20-043 (Mar. 29, 2020) and 20-044 (Mar, 31, 2020).  These orders were imposed based on both (1) the California governor's declaration of a public-health emergency in response to the spread of COVID-19, as well as (2) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease.  <u>See</u> General Order No. 20-02, at 1.

     6.   On March 16, 2020, Los Angeles Mayor Eric Garcetti imposed temporary restrictions to stop large numbers of people from gathering and staying in close proximity, including closing many businesses and restaurants within the city of Los Angeles.  The mayor encouraged people to "keep[] a safe distance from one another," to "slow the spread of COVID-19."  The same day, all schools in the Los Angeles Unified School District closed.

     7.   For the reasons stated in the government's motion, the Speedy Trial Act's speedy-indictment clock will be extended to 60 days if no grand jury in the Central District of California sits before April 24, 2020.  18 U.S.C. § 3161(b).

     8.   Given the grave public-health concerns discussed in General Orders Nos. 20-02 and 20-03, and Orders of the Chief Judge Nos. 20-043 and 20-044, as well as the facts set forth in the

government's motion (which the Court incorporates fully by reference here), the ends of justice served by a continuance outweigh the best interest of the public and defendant in a speedy indictment and trial.  Thus, the period from March 25, 2020, to May 4, 2020, shall be excluded from the Speedy Trial Act for all purposes.  18 U.S.C. § 3161(h)(7)(A).

9.  Failure to grant the continuance of the Speedy Trial Act deadlines would likely make a continuation of the proceeding impossible or result in a miscarriage of justice.  18 U.S.C. § 3161(h)(7)(B)(i).

10. Specifically, delay in the filing of the indictment is caused because the arrest occurred at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in 18 U.S.C. § 3161(b).  18 U.S.C. § 3161(h)(7)(B)(iii).

11. Due to the restrictions imposed by current public-health concerns, it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.  Thus, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  18 U.S.C. § 3161(h)(7)(B)(iv).

12. Failure to continue this case would also likely put parties, witnesses, jurors, counsel, and court personnel at unnecessary risk.

13. The continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorneys

for the government or the defense, or failure on the part of the attorneys for the government to obtain available witnesses.

Accordingly, the Court finds that there is good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The Speedy Trial Act's speedy-indictment clock will be extended to 60 days if no grand jury in the Central District of California sits before April 24, 2020.  18 U.S.C. § 3161(b).]

2. The period from March 25, 2019 to May 4, 2020, shall be excluded in computing the time in which the indictment must be returned or the trial must commence under the Speedy Trial Act.  <u>See</u> 18 U.S.C. § 3161(h)(7)(A).

3. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

**IT IS SO ORDERED.**

_____          _____
 DATE                                    HONORABLE CHARLES F. EICK
                                         UNITED STATES MAGISTRATE JUDGE