NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
VALERIE L. MAKAREWICZ (Cal. Bar No. 229637)
JAMES C. HUGHES (Cal. Bar No. 263878)
Assistant United States Attorneys
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0756/2579
    Facsimile: (213) 894-6265
    E-mail:   valerie.makarewicz@usdoj.gov
              james.hughes2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>KEITH LAWRENCE MIDDLEBROOK,<br><br>      Defendant. | No. 20-mj-1341<br><br><u>ORDER GRANTING REQUEST FOR CONTINUANCE OF PRELIMINARY HEARING DATE</u><br><br>**CURRENT HEARING DATE:** 05/22/2020<br>**PROPOSED HEARING DATE:** 06/26/2020 |

Having considered the parties' stipulation, incorporated herein, and good cause appearing, the Court hereby FINDS AS FOLLOWS:

1. On March 25, 2020, the United States filed a complaint against defendant charging him with a violation of 18 U.S.C. § 1349, attempted wire fraud.

2. Defendant was arrested on March 25, 2020 at approximately 6:00 p.m., and made his initial appearance before the Court on March 26, 2020. On March 27, 2020, the Court granted defendant pretrial release upon the posting of a $150,000 bond secured by any affidavit of surety signed by defendant's mother, with $50,000 of that amount

to be secured by real property held by defendant's mother. At the time of this Order, defendant has not posted the bond and remains in custody, but the parties have recently stipulated to modify defendant's conditions of his bond. CR 29.

3. At the initial appearance on March 26, 2020, the Court set a preliminary hearing date in this case for April 9, 2020, pursuant to Fed. R. Crim. P. 5.1(c).

    a. Rule 5.1(c) of the Federal Rules of Criminal Procedure provides that a magistrate judge must hold the preliminary hearing within a reasonable time, but no later than 14 days after the initial appearance if the defendant is in custody and no later than 21 days if not in custody.

    b. The time can be extended. Rule 5.1(d) of the Federal Rules of Criminal Procedure provides as follows: "With the defendant's consent and upon a showing of good cause -- taking into account the public interest in the prompt disposition of criminal cases -- a magistrate judge may extend the time limits in Rule 5.1(c) one or more times."

4. On March 13, 2020, following the President's declaration of a national emergency in response to COVID-19, the Court entered a General Order suspending jury selection and jury trials scheduled to begin before April 13, 2020. C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public Emergency, Order Concerning Jury Trials and Other Proceedings (March 13, 2020). The same day, the Court entered another General Order imposing health- and travel-related limitations on access to Court facilities. C.D. Cal. General Order No. 20-03, In Re: Coronavirus Public Emergency, Order Concerning Access to Court Facilities (March 13, 2020). On March 19, 2020, by Order of the

Chief Judge, the Court instituted its Continuity of Operations Plan ("COOP"), closing all Central District of California courthouses to the public (except for hearings on criminal duty matters) and taking other emergency actions.  C.D. Cal. Order of the Chief Judge No. 20-042 (March 19, 2020).  On March 29 and 31, recognizing COVID-19's continued spread in the community, the Court took further action: implementing video-teleconference and telephonic hearings, and suspending all grand-jury proceedings until May 4, 2020.  C.D. Cal. Orders of the Chief Judge Nos. 20-043 (March 29, 2020) and 20-044 (March 31, 2020).  The Court has since extended these orders through June 1, 2020.  See General Order No. 20-05.

5.   These orders were imposed based on (1) the California Governor's declaration of a public-health emergency in response to the spread of COVID-19, as well as (2) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease.  See General Order 20-02, at 1.  The Chief Judge has recognized that all gatherings should be limited to no more than 10 people and elderly and other vulnerable people should avoid person-to-person contact altogether. See Order of the Chief Judge No. 20-042, at 1-2.

6.   A grand jury was last called into session in the Central District of California on March 25, 2020 and adjourned on such day at approximate 4:30 p.m., before defendant was arrested at 6:00 p.m.  No grand jury been has called into session in the Central District of California after March 25, 2020.

7.   As noted above, on March 31, 2020, in order to protect public health and reduce the size of public gatherings and unnecessary travel, the Chief Judge of the Central District of

3

California has suspended grand juries in the Central District of California until June 1, 2020, pending further Order of the Court.

8. On April 7, 2020, the parties stipulated to continue the preliminary hearing originally set for April 9, 2020 to May 22, 2020. CR 19. On the same day, the Court granted the parties' stipulation and continued defendant's preliminary hearing. CR 21.

9. Defendant's preliminary hearing date, pursuant to Fed. R. Crim. P. 5.1, is hereby continued from May 22, 2020 to June 26, 2020 at 4:30 p.m.

10. The continuance is based upon the following facts, which demonstrate good cause to support the appropriate findings under Fed. R. Crim. P. 5.1(d):

    a. Defendant is currently charged with a violation of 18 U.S.C. § 1349 (attempted wire fraud).

    b. Counsel for both the government and defendant, together with office personnel for both parties, have been instructed by their supervisors to telework to minimize personal contact to the greatest extent possible. Although the parties are working diligently within these constraints, these restrictions and others imposed by current public-health concerns make it unreasonable to expect adequate preparation for pretrial proceedings, including the preliminary hearing currently scheduled for April 9, 2020, within the time limits set by Fed. R. Crim. P. 5.1(c).

    c. Under these unusual circumstances, and given the emergency procedures that have been implemented by the Court and the parties to address the current COVID-19 pandemic, failure to continue the preliminary hearing date is likely to deny all counsel reasonable

4

time necessary for effective preparation, taking into account the exercise of due diligence.

      d.    The COVID-19 pandemic, the emergency procedures implemented by the Court to address it, and the teleworking arrangements mandated by the United States Attorney's Office and the Office of the Federal Public Defender are extraordinary circumstances justifying delay of the preliminary hearing beyond the time limits of Federal Rule of Criminal Procedure 5.1(c).

      e.    Counsel for defendant has discussed the continuance of the preliminary hearing with the defendant and have no objection.

11. Accordingly, the Court find that, for good cause shown, the Preliminary Hearing currently set for May 22, 2020, should be continued to June 26, 2020 at 4:30 p.m.

**IT IS SO ORDERED.**

Dated: May 5, 2020

*/s/ Karen L. Stevenson*
HONORABLE KAREN L. STEVENSON
United States Magistrate Judge